**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALD G. EITNER, | No. 19-35948 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05607-RAJ |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted February 2, 2021
Seattle, Washington

Before: GRABER, McKEOWN, and PAEZ, Circuit Judges.

Claimant Gerald Eitner appeals from the district court's judgment affirming

the decision of the Commissioner of Social Security denying his claim for

disability benefits. Reviewing for substantial evidence the Administrative Law

Judge's ("ALJ") factual findings, Biestek v. Berryhill, 139 S. Ct. 1148, 1154

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(2019), we reverse and remand for reconsideration.

1.  The ALJ and Appeals Council did not err in evaluating the medical opinion evidence.  In discounting the opinion of the physician's assistant, Mike Myers, they gave germane reasons, Revels v. Berryhill, 874 F.3d 648, 655 (9th Cir. 2017), for doing so.[1]  Myers's opinion was inadequately supported and inconsistent with medical evidence in the record.

2.  But the ALJ did not give specific, clear, and convincing reasons to discredit Claimant's testimony regarding the extent, severity, and limiting effects of his fibromyalgia.  Garrison v. Colvin, 759 F.3d 995, 1014–15 (9th Cir. 2014). Claimant's testimony as to the severe pain and persistent fatigue he experienced as a result of that condition was consistent with the medical evidence.  For example, Claimant's rheumatologist observed that he had a "very positive" tender point screen.

Moreover, the ALJ failed to consider possible reasons why Claimant did not seek or obtain treatment, including the possible lack of effective treatment for fibromyalgia and the manner in which fibromyalgia interacted with his other impairments.  SSR 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017); see also

---

[1] At the time, Myers was not considered an "acceptable medical source."  20 C.F.R. § 404.1513(d)(1)(2013) (amended 2017); Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).

Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) ("[A]lthough a conservative course of treatment can undermine allegations of debilitating pain, such fact is not a proper basis for rejecting the claimant's credibility where the claimant has a good reason for not seeking more aggressive treatment."). At the hearing, the ALJ asked Claimant whether he had received any specific treatment for the condition, but the inquiry ended there.

The ALJ's omission of fibromyalgia from the list of severe impairments and discrediting of Claimant's testimony regarding the condition were not harmless errors because, as explained below, the ALJ did not meaningfully consider the physical limitations of the impairment in the remainder of his analysis. Buck v. Berryhill, 869 F.3d 1040, 1048–49 (9th Cir. 2017); Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055–56 (9th Cir. 2006). Had the ALJ included fibromyalgia as a severe impairment or credited Claimant's testimony about his symptoms, the result likely would have been different. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are hamless."). Even though the ALJ gave convincing reasons to discredit Claimant's testimony as to the symptoms caused by his other impairments, including scleritis and granulomatosis with polyangiitis, the

3

fibromyalgia-related error is still harmful because it negates the validity of the ultimate credibility conclusion.  Carmickle, 533 F.3d at 1162–63.

3.  Although the ALJ wrote that he considered "the effects of pain from the possibility of" fibromyalgia in the residual functional capacity ("RFC") assessment, Claimant's physical limitations (such as his reduced stamina and pain) were not meaningfully reflected.  Because the ALJ failed to include all of the physical limitations described by Claimant relating to his fibromyalgia, the evidence did not support the RFC assessment and step-five finding.  See DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991) ("If the hypothetical does not reflect all the claimant's limitations, we have held that the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.").

4.  The record does not require the ALJ to find Claimant disabled, even if the evidence is reconsidered in light of his fibromyalgia diagnosis and symptoms. Thus, we remand for further proceedings.  Garrison, 759 F.3d at 1020–21.

**REVERSED AND REMANDED**.